# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS ONERTON,<br>　　　　Plaintiff,<br>　v.<br>HIGHLAND HOSPITAL, et al.,<br>　　　　Defendants. | No. C 08-3161 JF (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA"). He has been granted leave to proceed in forma pauperis. Plaintiff seeks money damages from defendants, a hospital and two physicians, based on the medical treatment they provided to his wife after he shot her. The complaint will be dismissed for failure to state a cognizable claim for relief.

**BACKGROUND**

Plaintiff was convicted of murdering his wife. After he shot her, she was taken to the emergency room of Highland Hospital in Oakland. There, defendant Dr. Phan allegedly failed to give her proper medical attention, and she ultimately died from the gunshot wounds plaintiff had inflicted upon her. According to plaintiff, defendants did not "intentionally harm" his wife, and if his wife "had not been shot she would not have

Order of Dismissal
G:\PRO-SE\SJ.JF\CR.08\Onerton3161_dismissal.ftsc.wpd　1

died." Complaint, Ex. 1 at 17. Plaintiff seeks damages from defendants for their "gross negligence" and "medical malpractice" in treating his wife.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

B.  Plaintiff's Claim

Plaintiff's allegations do not state a cognizable claim for relief under § 1983 because he fails to establish either element of a cognizable § 1983 claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person was acting under the color of state law, and (2) the person committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). To begin with, defendant Highland Hospital is a private entity, and its two employees defendant Dr. Phan and Dr. Rudas, are private individuals. (See Complaint at 1.) As such, they do not act under color of state law" and are not liable under § 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a private individual generally does not act under color of state law under § 1983). In addition, plaintiff does not cite any authority, nor is the court aware of any, that he has a constitutional or other federal right to have his wife receive adequate medical care.[1] Allegations of "gross negligence" and "medical malpractice" are based on state law, not federal law. As plaintiff's claims, even liberally

---

[1] An inmate has an Eighth Amendment right to receive adequate medical care himself, Farmer v. Brennan, 511 U.S. 825, 832 (1994), but there is no authority such a constitutional right extends to the medical care of family members.

Order of Dismissal
G:\PRO-SE\SJ.JF\CR.08\Onerton3161_dismissal.ftsc.wpd   2

1  construed, are not against state actors and do not allege the violation of any federal right,
2  plaintiff has failed to state a cognizable claim for relief under § 1983.
3      Plaintiff has also failed to state a cognizable claim for relief under the ADA.  To
4  state a claim under Title III of the ADA, a plaintiff must allege that private entity
5  discriminated against him on the basis of his disability in places of public
6  accommodation.  See 42 U.S.C.§ 12182(a); see also Thompson v. Davis, 295 F.3d 890,
7  895 (9th Cir. 2002) (same, under Title II against public entities).  To begin with, the
8  alleged mistreatment in this case is against plaintiff's wife, not plaintiff.  Furthermore,
9  there is no allegation of "discrimination," let alone that such discrimination was on the
10 basis of any disability.  As plaintiff does not allege that he was discriminated against, let
11 alone that he was discriminated against on the basis of any disability he suffers, he has
12 failed to state a cognizable claim for relief under the ADA.
13     As it is clear from the allegations in the complaint that plaintiff does not have a
14 cognizable claim for relief under § 1983 or the ADA, and that the deficiencies in the
15 complaint cannot be cured by amendment, leave to amend is not granted.  See Janicki
16 Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be
17 granted where it constitutes an exercise in futility).

## CONCLUSION

19  Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim
20  for relief under 42 U.S.C. § 1983.
21      The Clerk shall terminate all pending motions and close the file.
22      IT IS SO ORDERED.
23  DATED:  8/21/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.JF\CR.08\Onerton3161_dismissal.ftsc.wpd  3